

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
NOV - 2 2009
CLERK'S OFFICE
DETROIT

**STEVEN ERICH HUBBARD,**

    Plaintiff,

V.

**CREDIT MANAGEMENT, LP,**

    Defendant.

Case No. 2:09-cv-14213

Hon. Robert H. Cleland

Magistrate Judge: Michael Hluchaniuk

| **STEVEN ERICH HUBBARD –** IN PRO PER<br>37789 Hixford Place<br>Apt. F-10<br>Westland, MI 48185<br>Phone: (734) 727-0661<br>Email: S.Hubbard@inbox.com | **DOBBS & NEIDLE, P.C.**<br>Gregory R. Neidle (P59273)<br>Daniel J. Ammon (P50923)<br>Attorneys for Defendant<br>30150 Telegraph Road<br>Suite 410<br>Bingham Farms, MI 48025<br>Phone: (248) 723-9511<br>Fax: (248) 723-9531 |
|---|---|

## MOTION TO STRIKE CREDIT MANAGEMENT'S AFFIRMATIVE DEFENSE

The Plaintiff brings this motion to strike the fourth affirmative defense of *bona fide* error under Rule 12 for the reasons set forth in the brief below. In accordance with E.D. Mich. LR 7.1(a) the plaintiff, Steven Erich Hubbard couldn't reach the defendant counsel and thereby submit this following motion in accordance with F.R.C.P. 12

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE CREDIT MANAGEMENT, LP'S AFFIRMATIVE DEFENSE

## INTRODUCTION

Fed. R. Civ. P. 8(b) requires a short plain statement of claims and defenses. At the same time Rule 9 imposes heightened pleading requirements on pleaders who allege certain types of claims or defenses. These rules provide a receiving party (and the court) with notice of the nature of what is at issue. Consequently, the pleader must always provide sufficient information to allow the receiving party fair notice. This must include the "who, what, where, and when" that underlie the pleading.

In this case, Credit Management, LP's ("CMI Group") has failed to provide any factual underpinnings of its fifth affirmative defense and instead only provided a conclusory and improper affirmative defense. At the same time, the Federal Rules address these deficiencies in affirmative defenses by permitting the Court to strike an insufficient affirmative defense.

Mr. Hubbard brings this motion to strike VRCC's insufficient affirmative defense of *bona fide* error.

## Procedure Under Rule 12

Rule 12 authorizes the Court to strike any legally insufficient affirmative defense, either upon its own motion or that of a party:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

2

F.R.Civ.P. 12. As set forth in the rule the motion must be filed within 20 days.

## Standard of Review Under Rule 8 and 9

Rule 8 requires a short, plain statement of the defense. F.R.Civ.P. 8(b). While the statement must be short and plain, it must also provide fair notice of the defense. Courts have construed this requirement to mean that an affirmative defense must meet all the pleading requirements of both Rule 8 and Rule 9. Likewise, the sufficiency of these defenses is tested under the same standard as a claim under Rule 12(b).

> (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge-in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.
>
> *Renalds v. S.R.G. Restaurant Group, Chicago, LLC*, 119 F.Supp.2d 800, 802 (N.D.Ill.2000) (citing Heller, 883 F.2d at 1294).

Thus for purposes of the current standards, all affirmative defenses must comply with the recently announced standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

> The parties dispute whether the pleading standard recently outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) applies to affirmative defenses. The plaintiff contends that, as with complaints, affirmative defenses must also contain enough "[f]actual allegations ... to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. In response, the defendants argue that the purpose of the pleading requirements, as they relate to affirmative defenses, is to give the plaintiff "fair notice" of the defenses being advanced. See *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). In *Bowman*, the court held that a"defendant [ ] must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Id. The court also noted that "in some cases, merely pleading the name of the affirmative defense ... may be sufficient." Id.
>
> Despite the arguments of the parties to the contrary, the pleading requirements outlined in *Twombly* and *Woodfield* are not materially different. Rather, under both standards, "[s]pecific facts are not necessary; the statement needs only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, ---U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Conley v.*

> *Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The degree of factual specificity required, if any, to provide the plaintiff with fair notice of the affirmative defense depends on the specific case and the specific defense being pled.
>
> Here, the defendant has failed "to set forth any allegations beyond bare-bones legal conclusions." *Marina Bartashnik*, 2005 WL 3470315 at *4. "[S]tringing together a list of legal defenses is not sufficient to satisfy Rule 8(a)." *Yash Raj Films*, 2004 WL 1200184 at *3. Such being the case, these defenses will be stricken without prejudice.

*Voeks v. Wal-Mart Stores, Inc.*, 2008 WL 89434 (E.D.Wis. 2008). Thus, a pleading must set forth sufficient facts to provide fair notice of the nature of the defense. A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65; see also *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007). No longer is it sufficient to just show a possible claim under the 'no set of facts' standard, but rather a pleader must allege the defense to be plausible upon the facts alleged. *Twombly*

### Credit Management, LP's Affirmative Defenses are Improper

Credit Management, LP's Answer includes several Affirmative Defenses that are unavailable in the present case. For the sake of judicial economy, plaintiff will address only the most glaring deficiencies.

**1. Defense 5 –** ***Bona Fide Error Defense***

Credit Management, LP's has asserted that any violation of the statute was the result of a *bona fide* error. In support of this defense, Credit Management, LP' has not set forth a single fact, policy, procedure, the identity of the responsible party, or any information apart from the barest of legal conclusions. At the same time, Rule 9 requires that where mistake is alleged in a pleading, the pleader must set forth the allegation with particularity.

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

F.R.Civ.P. 9(b). Thus, in addition to the factual requirements of Rule 8, under Twombly, a pleader who alleges a mistake must set forth the facts underlying that mistake with particularity. Within

4

this Circuit, that means that the pleader must show the "who, what where, and how" of the mistake:

> In our recent decision in Bledsoe II, we reiterated our long-standing holding that, under Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation ... the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Id. at 504. As Bledsoe II also made clear, however, this requirement should be understood in terms of Rule 9(b)'s broad purpose of ensuring that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense. "Essentially, [a complaint] should provide fair notice to Defendants and enable them to 'prepare an informed pleading responsive to the specific allegations of fraud.' " Id. (quoting Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir.1999)). So long as a relator pleads sufficient detail-in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud-to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met. While additional detail may be "relevant to the inquiry of whether a relator had pled the circumstances constituting fraud with particularity, it is not mandatory." Id. at 506.

*U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008.). At the same time, the *bona fide* error defense has been held subject to this heightened pleading requirement. As such, to simply assert the defense without any factual basis does not meet the requirements of Rule 8 or the heightened particularity requirements of rule 9(b).

> Notwithstanding the "disfavored" status of motions to strike and the "liberal pleading standard" in Fed.R.Civ.P. 8, the Court concludes that the motion is well taken. Because the defense at issue deals with an alleged "mistake"-a "bona fide error" in the statutory parlance-Defendant is obligated to complywith both Fed.R.Civ.P. 8 and 9(b). The standard under Rule 9(b) requires parties to state the circumstances of a mistake with "particularity." As the Seventh Circuit has explained, Rule 9(b) mandates that parties allege at the pleading stage "the who, what, when, where, and how of the mistake." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir.1997). Defendant correctly points out that Rule 9(b) permits pleaders to allege matters such as intent and knowledge in a more general manner. However, the remaining factual details of an alleged mistake-for example, which made the mistake and when and how it occurred-must be set out with "particularity" in the pleading.

*Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 WL 2061551 (N.D.Ill. 2008).

Simply parroting the language of a statutory defense does not satisfy the liberal pleading standard of

Fed. R. Civ. P. 8. *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003). Defendant has failed to plead the "who, what, where, and when" of the error, and its blanket denial fails to satisfy the heightened pleading standard of Fed. R. Civ. P. 9. See, *SNAPP Inc.*, supra. VRCC 's affirmative defense fails to include a single fact in support of its legal conclusions In this case, the bare bones pleading of the defense fails the tests of both Rule 8 and Rule 9. At the outset, the court should recognize that the Plaintiff has set forth facts and identified specific legal theories of liability. While the *bona fide* error defense may be raised in response to each, the manner in which that defense would be proven in relation to the different claims would be unique to the specific violation. Put another way, each instance of the defense would require different proofs. Thus, setting forth the bare legal conclusion of a *bona fide* error provides no information from which Plaintiff could even begin to understand how this defense would be applicable. The affirmative defense fails to set forth which of the violations are subject to the defense, the policy intended to curb the potential for the violation, and how the "bona fide error" occurred. No person, places or events are mentioned, rather, only a conclusory statement is offered. This is insufficient to apprise the Plaintiff of the nature of the defense. Likewise, it is impossible to tell what Defendant claims as insulation from liability under the FDCPA or what it contends its alleged error even was. Defendant's "obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In order to meet its minimal pleading burden, Defendant must allege the "operative facts" of this defense in order to meet Rule 8 and *Twombly's* requirements.

Additionally, "[p]articularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution*

*Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997), accord *SNAPP*. Defendant's affirmative defense fails to do this, but if it did it would still be inadequately pleaded under Rule 9(b), as mere notice of the basis of a claim of mistake does not meet the requirements of Rule 9(b).

Plaintiff is entitled under Rule 9(b) to know what the alleged mistake was, who made it, when it happened, where it happened, and how it happened. The defense should be stricken under Rule 8 and 9 for failure to include any required allegations of fact regarding Credit Management, LP's purported mistake.

## Conclusion

For the reasons set forth in the brief above, Ms. O'Rourke requests that the Court strike the fifth affirmative defense of bona fide error.

## CERTIFICATE OF SERVICE

I hereby state, under penalty of perjury, on October 23rd, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the CMF/ECF system which will send notification of such filing to the following:

N/A

and I hereby certify that I have mailed by United States Postal Service the above mentioned paper in accordance with F.R.C.P. 5(2)(C).

**DOBBS & NEIDLE, P.C.**
Gregory R. Neidle (P59273)
Daniel J. Ammon (P50923)
Attorneys for Defendant
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531

Respectfully Submitted,

Dated: October 23rd, 2009

X _____
STEVEN ERICH HUBBARD –
IN PRO PER
37789 Hixford Place
Apt. F-10
Westland, MI 48185
Phone: (734) 727-0661
Email: S.Hubbard@inbox.com