UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ERICH HUBBARD,

      Plaintiff(s),                                                                          CIVIL NO.09-CV-14213

v.

CREDIT MANAGEMENT LP,

      Defendant(s).
_____/

## NOTICE OF SCHEDULING CONFERENCE

      You are hereby notified to appear in the chambers of the Honorable Robert H. Cleland, United States District Judge, at 231 W. Lafayette Blvd., Room 707, Detroit, Michigan, for a scheduling conference on **DECEMBER 2, 2009 at 10:30 AM**. You are directed to meet and confer before the conference. *See* Fed. R. Civ. P. 26(f).[1]

**TRIAL COUNSEL MUST ATTEND** and **be prepared** to discuss, among other things:

1. A summary of each claim and affirmative defense, and related issues, including a) the elements of proof and, b) the good faith factual foundation of each;
2. Nature of any corporate or partnership parties;[2]
3. The propriety of (or dispute about) subject matter jurisdiction;
4. The possible relationship to other cases;
5. The likelihood of pleading or party amendments, third-party complaints, etc.;
6. The likelihood of expert testimony;
7. Discovery progress to date and complexity of additional discovery (counsel are instructed to commence their Fed. R. Civ. P. 26(a)(1) disclosures without delay and encouraged to begin significant discovery before the conference);
8. Consent to state mediation practice or desire for private facilitation/arbitration;
9. Consideration of magistrate judge consent jurisdiction or District Court bench trial;
10. The likelihood of dispositive motions and likelihood of settlement.

---

[1] Please attempt to narrow the issues in advance. This includes the elimination of frivolous claims or defenses. Prepare to withdraw without prejudice claims and defenses that are not *presently* sustainable under Rule 11 in view of evidence in hand, (*see* Fed. R. Civ. P. Rule 16(c)(1)). Leave to add claims or defenses later is afforded "freely when justice so requires," to a diligent party who only later acquires facts needed to properly state a related claim or an affirmative defense (*see* Fed. R. Civ. P. 15(a)). The court expects action on affirmative defenses where possible (*e.g.* a Rule 12(b)(6) affirmative defense should ordinarily generate an immediate motion to dismiss, not a mere boilerplate recitation among a list of possible defenses.

[2] Each corporate party **must** insure that the disclosure statement required under LR 83.4 has been filed **before** the conference.

There will be no adjournment due to trial counsel's unavailability, and trial counsel with working knowledge of the case, fully prepared to participate, must appear. Commitments and representations made at the conference will be binding.

/S/ Lisa Wagner
Case Manager and Deputy Clerk to
Judge Robert H. Cleland
313-234-5522